UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :    S3 09 Cr. 581 (WHP)
                                                            :
            - against -                                     :    MEMORANDUM & ORDER
                                                            :
PAUL M. DAUGERDAS, et al.,                                  :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/11/12

WILLIAM H. PAULEY III, United States District Judge:

Defendant Dennis M. Field ("Field") moves to unseal a document produced to him by his former employer BDO Seidman LLP ("BDO") and filed under seal pursuant to this Court's Order dated October 12, 2010. (ECF No. 178.) Field now seeks to use the document in connection with a private party arbitration to compel BDO to pay his legal fees. For the following reasons, Field's motion is denied.

## BACKGROUND

On October 4, 2010, Field served a subpoena on BDO (the "Subpoena") to discover whether the Government impermissibly interfered with Field's right to receive legal defense fees from BDO in violation of Field's Fifth and Sixth Amendment rights. The Subpoena called for, <u>inter alia</u>, the production of BDO's privileged material, and in response, BDO proposed that this Court enter a protective order pursuant to Rule 502(d) of the Federal Rules of Evidence. On October 12, 2010, this Court entered the Rule 502(d) order (the "October 12 Order"), which provides that "BDO's disclosure . . . of a document protected by the attorney-client privilege or work-product doctrine will not constitute or be deemed a waiver or a subject

1

matter waiver of any such privilege or protection, nor shall such disclosure be a waiver in any Federal or State proceeding, including any and all arbitrations and private dispute resolution proceedings." (ECF No. 178.)

The document that Field seeks to unseal is an e-mail dated June 14, 2007, by and among BDO's outside counsel (the "June 14 e-mail"), which appears to concern BDO's indemnification of Field in connection with the Government's investigation of BDO. On December 13, 2010, BDO disclosed to Field the existence of the June 14 e-mail but withheld it asserting attorney-client privilege and the attorney work product doctrine.

After in camera review on January 7, 2011, this Court ordered BDO to produce the June 14 e-mail and found that "the 'proper administration of justice' overcomes the work-product doctrine that otherwise attaches to [it]." (ECF No. 236.) BDO then produced the June 14 e-mail under the protections provided by the October 12 Order and filed it under seal.

## DISCUSSION

As this Court found in January 2011, the June 14 e-mail is attorney work product. The work product doctrine shields from discovery an attorney's legal theories, strategies, and mental impressions, prepared in anticipation of litigation. See Hickman v. Taylor, 329 U.S. 495, 509-510 (1947). The work product doctrine does not shield a document from disclosure unless that document was created in connection with actual or threatened litigation. See In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir. 2007). The party asserting the doctrine must show that the document was "prepared because of the prospect of litigation when the preparer faced an actual or potential claim following an actual event or series of events that reasonably could result in litigation." Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co., 967

2

F.2d 980, 984 (4th Cir. 1992). The June 14 e-mail was created in response to Field's potential claim for indemnification in view of the Government's ongoing investigation of BDO. That series of events reasonably could—and did in fact—result in litigation. Accordingly, the June 14 e-mail is protected work product.

The June 14 e-mail does not contain any factual information that Field could not otherwise obtain. At best, the June 14 e-mail reflects BDO's outside counsel's tentative legal opinion regarding Field's right to indemnification. The work product doctrine protects both factual and opinion work product, but the latter is considered to be the core of the doctrine, and "receive[s] special protection not accorded to factual material." United States v. Adlman, 134 F.3d 1194, 1197 (2d Cir. 1998); see also United States v. Nobles, 422 U.S. 225, 238 (1975). Field's interest in having his legal fees paid so that he may mount an effective appeal of his conviction does not require this Court to set aside the protection afforded to BDO's attorney work product. See P. & B. Marina, Ltd. P'Ship v. Logrande, 136 F.R.D. 50, 57 (E.D.N.Y. 1991) ("[O]pinion work product enjoys a near absolute immunity and can be discovered only in very rare and extraordinary cases. . .where weighty considerations of public policy and proper administration of justice would militate against nondiscovery[.]") (quoting In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977)).

Finally, the October 12 Order was entered by this Court to address the precise concern raised by this motion—i.e., that Field would seek to use BDO's privileged documents in a private proceeding. Federal Rule of Evidence 502(d) states: "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is not a waiver. . . ." The October 12 Order did

3

exactly that, and Field's motion to unseal the June 14 e-mail would defeat the purpose of the October 12 Order.

## CONCLUSION

For the foregoing reasons, Field's motion to unseal the June 14 e-mail is denied.

Dated: January 11, 2012
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record*

*Copies mailed to:*

Patrick Smith, Esq.
DLA Piper LLP US
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104

4